IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE DABOIN MENDEZ,

    Petitioner,

v.                                                                        No. 1:26-cv-00394-KG-JHR

GEORGE DEDOS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Jose Simon Daboin Mendez's Motion to Enforce, Doc. 13, and the Government's Response, Doc. 16.  Mr. Donouvo contends that the Government failed to comply with this Court's prior order, Doc. 10.  After reviewing a digital audio recording ("DAR") of the hearing, the Court agrees that it failed to satisfy the procedures mandated by its earlier ruling.[1]  The Court grants Petitioner's motion and orders the Government to release him immediately.

### I.    Background

Petitioner, a 38-year-old native and citizen of Venezuela, entered the United States in 2022 under humanitarian parole.  Doc. 1 at 4; Doc. 9 at 2–3.  In 2024, he applied for asylum. Doc. 9 at 2–3.  He has no criminal history, and lives with his family, which "he works to support."  Doc. 1 at 4.  Immigrations and Customs Enforcement ("ICE") agents arrested him on January 5, 2026, in Minnesota.  *Id.*  He is currently detained at the Torrence County Detention Center in New Mexico.  *Id.*  This Court concluded that Petitioner's redetention violated the

---

[1] The DAR of the Bond Hearing (March 11, 2026) is on file with the Court and lodged at Doc. 15 ("Audio Recording").

1

Immigration and Nationality Act ("INA") and granted Petitioner's habeas petition.  *See* Doc. 10.

The Court ordered the Government to provide Petitioner with a bond hearing under 8 U.S.C.

§ 1226(a), at which the Government bore the burden of proof of justifying Petitioner's continued

detention.  *See* Doc. 10 at 5.

On March 11, 2026, an immigration judge ("IJ") conducted a bond hearing.  Doc. 12-1 at

1.  At the outset, the IJ noted: "The burden has shifted to the government."  Audio Recording at

00:06–00:13.  The Government stated that Petitioner is "not eligible for bond under the statute"

because he "is an arriving alien."  *Id.* at 2:54–3:45.  In the alternative, the Government asserted

that Petitioner "is a flight risk due to no relief in front of the court."  *Id.*  The Government

acknowledged that it did not know "the circumstances" of Petitioner's initial entry and offered

no additional evidence.  *Id.* at 4:56–5:45, 11:20.

Petitioner's counsel informed the IJ that Petitioner had a master calendar hearing

scheduled for the following day and requested "no action."  *Id.* at 13:45.  The IJ denied the

request, stating: "If the district court wants to place, impermissible or not impermissible, dates

that are highly inconvenient for everyone else, no.  [Bond] is denied."  *Id.* at 14:13.  The IJ stated

that counsel "would have gotten a 'no action' if the district court had not imposed these

heightened restrictions on dates and timeliness of the filing and hearing of these hearings."  *Id.* at

14:45.  The IJ also asserted that Petitioner was a flight risk and appeared to lack community ties.

*Id.*  The IJ concluded that "[i]n the alternative, *Hurtado* applies probably with more force than

ever."  *Id.* at 16:02.

Petitioner seeks immediate release, arguing that the IJ failed to shift the burden to the

Government at the hearing.  Doc. 13 at 2.  He reasons that the Government presented no

2

evidence at the hearing and the IJ relied on impermissible factors. *Id.* at 2–3. The Government opposes the motion. Doc. 16.

## II.     Analysis

For the reasons below, the Court concludes that (A) it has jurisdiction to review the procedures used at the bond hearing, and (B) release is warranted.

### A.     The Court has jurisdiction.

First, the Court concludes that it has jurisdiction to consider Petitioner's claim. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). The Court acknowledges that, under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226]...shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien." But § 1226(e) only bars review of the Attorney General's "discretionary judgment." *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). It does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351–52 (4th Cir. 2022) (noting that Section 1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)"); *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework reflects a district court's authority to ensure compliance with its own habeas orders. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("Courts have inherent power to enforce

compliance with their lawful orders."); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to consider Petitioner's motion to enforce. Petitioner does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination. Rather, he raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

**B.      *The bond hearing failed to comply with this Court's order.***

Next, the Court concludes that Petitioner's bond hearing did not satisfy the due process requirements set forth in this Court's prior order. In granting habeas relief, the Court exercised its discretion to require the Government to justify Petitioner's detention by clear and convincing evidence. Doc. 10 at 4–5. That did not occur. At the hearing, the IJ initially stated that the burden rested with the Government. Audio Recording at 00:06. But the record reflects that the standard was not meaningfully applied. The Government presented no evidence that Petitioner poses a danger or flight risk. Instead, it argued that Petitioner "is an arriving alien" and therefore ineligible for bond—a statutory framework this Court has rejected. *Id.* at 2:54–3:45; *see* Doc. 10. When the IJ posed basic questions about Petitioner, including his manner of entry, the Government lacked basic familiarity with the underlying facts of this case. *Id.* at 4:56–5:45. And in denying bond, the IJ relied in part on considerations unrelated to flight risk or danger, including this Court's timeline. *Id.* at 14:45. Because of these deficiencies, the hearing did not comply with this Court's order and release is warranted.

4

***III.    Conclusion***

For the reasons above, the Court orders that:

1. Petitioner's Motion to Enforce, Doc. 13, is granted.  The Government shall release him within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral IJ under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

5